UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANNON ANES,

        Petitioner,

v.

SHERMAN CAMPBELL,

        Respondent.

_____/

Case No. 1:16-cv-233

Honorable Robert J. Jonker

### ORDER REGARDING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. On September 3, 2017, the Court entered a judgment denying the petition. (ECF No. 20.) Petitioner now has filed a notice of appeal. Petitioner is seeking a certificate of appealability (taken from the notice of appeal) as well as leave to proceed on appeal *in forma pauperis* (ECF No. 24).

Federal Rule of Appellate Procedure 3(e) provides that the appellant must pay all required fees at the time a notice of appeal is filed with the district court. The docketing fee for a case on appeal is $500.00. See 28 U.S.C. § 1913; 6 CIR. I.O.P. 3; Court of Appeals Miscellaneous Fee Schedule § 1 (Dec. 1, 2013). In addition, under 28 U.S.C. § 1917, a $5.00 filing fee must be paid to the district court. Petitioner has failed to pay the required fees.

A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner has complied with Rule 24(a), which

requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit showing his inability to pay the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue he intends to present on appeal. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal. In light of his indigence, Petitioner may proceed *in forma pauperis* on appeal without pre-paying or giving security for fees and costs. FED. R. APP. P. 24(a)(2). Therefore, Petitioner is not required to pay the $505.00 fee for filing an appeal. *See Kincade*, 117 F.3d at 951 (holding that 28 U.S.C. § 1915(b) provides that the fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief).[1]

Under 28 U.S.C. § 2253(c)(1), a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. Rule 22 of the Federal Rules of Appellate Procedure makes clear that district judges have the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard a petitioner must meet depends on whether the issues raised in the petition were denied on the merits or on procedural grounds.

Here, the Court denied the petition on the merits. To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district

---

[1] This Court notes that pursuant to 28 U.S.C. § 2254 and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, it is not required to address whether the instant appeal is taken in good faith because Petitioner did not proceed *in forma pauperis* in the district court. *See* 28 U.S.C. § 2254; FED. R. APP. P. 24(a)(3).

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for certificate of appealability, taken from the notice of appeal (ECF No. 21), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 24) is **GRANTED**.


Dated: September 14, 2017           /s/ Robert J. Jonker
                                    Robert J. Jonker
                                    Chief United States District Judge